## NEGLIGENCE—PERSONAL INJURY.

[Hamilton County Circuit Court, February, 1895.]

WILLIAM STRONG v. THE PICKERING HARDWARE COMPANY ET AL.

1. VALIDITY OF DEFENSE SEEKING TO SET UP DOCTRINE OF INDEPENDENT CONTRACTOR.

In an action brought jointly against the owner of a building and building contractors for personal injuries resulting from the obstruction of a street while such building was undergoing repair at the hands of such contractors, the owner of such building, for one of his defenses, answered, in substance, that he had entered into a written contract with said contractors to repair said building for an agreed price, by virtue of which said contractors were to do all the tearing down and furnish all material and labor required in repairing and making additions to such building according to a certain plan with the exception of the iron work, and that said contractors also agreed to take upon themselves all risks to persons and property; that said contractors were responsible, and had full charge and control of the work under such contract, and that this defendant (the owner of the building) had no connection or supervision as to the mode or manner in which such repairing should be done, but that such repairing was done in a careful, prudent and business-like manner.

*Held:* Such defense is good on demurrer.

2. EFFECT OF PLAINTIFF'S FAILING TO PROCEED AGAINST DEFENDANT WHERE DEMURRER TO DEFENSE IS OVERRULED.

In such action, after the overruling of the demurrer to such defense, the plaintiff excepted and declined to proceed further against the owner of said building.

*Held:* Such action, on the part of the plaintiff, was a virtual dismissal of the case by him, as to the owner of said building, and plaintiff cannot afterwards complain.

3. DEGREE OF CARE TO BE EXERCISED.

In such an action the defendant is not released from liability by the mere showing that the means adopted for the safety of passers-by were those ordinarily used in making such repairs, but it must be further shown that the means adopted were such as are ordinarily used by careful and prudent men.

4. BURDEN OF REMOVING PRESUMPTION OF CONTRIBUTORY NEGLIGENCE.

It is only where the plaintiff's own negligence raises a presumption of contributory negligence on his part that the law imposes upon him the burden of removing that presumption.

HEARD on error.

SMITH, J.

It is averred by the petition in error that the trial court erred in this case in overruling the demurrer filed by plaintiff to the second defense set up in the answer of the Pickering Hardware company—in rulings as to the admission of evidence at the trial; in the charge given to the jury, and in the special charges given to the jury at the request of defendant's counsel; in refusing to give the special charges asked by plaintiff, and in overruling the motion filed by plaintiff for a new trial.

The action was one by the plaintiff, Strong, against the Pickering Hardware company and Edward Bice and George B. McMiller, partners as Bice & McMiller, alleging that the defendant company, on October 12, 1891, was the owner and in possession of the building at the corner of Main and Fifth streets in this city, abutting on both of said streets, and that the defendants were then engaged in repairing and remodeling said building, and negligently and without regard to the use of said streets, permitted and suffered to be placed and remain along the edge of the sidewalk, and between the streets and said sidewalk, certain uprights or posts, and permitted and suffered a board to be fastened from one to the other near the ground, and permitted and suffered the same to remain as aforesaid, and that plaintiff, on said 12th of October, 1891, without notice or knowledge of said obstruction, and in the proper use of the street, attempted to pass from the street to the sidewalk, and without any fault on his part, stumbled and fell over

one of the boards fastened between two of said uprights and severly injured himself, and he sought to recover damages in the sum of $5,000 from the three defendants.

The Pickering Hardware company filed a separate answer containing two defenses. By the first, it admitted the ownership of the building, and its situation, as also that the streets were public streets of the city, and denied each and every other allegation of the petition.

For the second defense, it alleged that on the 24th of July, 1891, it entered into a contract in writing with Bice & McMiller to repair and remodel its said building for a price agreed upon, by virtue of which Bice & McMiller were to do all the tearing down and furnish all material and labor required in remodeling and making additions to said building according to a certain plan, with the exception of the iron work, and also agreed to take upon themselves all risks to persons and property; that Bice & McMiller were responsible contractors, and had full charge and control of the work under said contract, and that this defendant had no connection or supervision as to the mode or manner in which it should be done, but alleges that it was done in a careful and prudent and business-like manner.

To this second defense a general demurrer was interposed by the plaintiff, but it was overruled by the court, and the plaintiff duly excepted. And the plaintiff, not desiring to further plead to said defense, the action as to the Pickering company was dismissed by the court.

The first question, then, for our determination is whether this action of the court was right. Was the second defense sufficient in law? The defendant company thereby sought to avoid liability for the injury which the petition of plaintiff averred was caused to him by the negligence of said company and of Bice & McMiller while repairing a building owned and occupied by such company, by placing and maintaining in the public streets and along the sidewalk thereof a structure of upright posts with a board fastened from one of said posts to the other near the ground, whereby the plaintiff, without fault on his part, was injured by falling over the same; by the averment that it had before this entered into a contract with its co-defendants to repair the building, by which the latter were to do all the tearing down and to furnish all material and labor (except the iron work) required in making the additions to such building according to drawings prepared by an architect, without setting forth such plans; that said contractors by such contract took upon themselves all risks to persons and property and had full charge and control of the work under said contract, and that the defendant company had no connection or supervision as to the mode or manner in which it should be done, but alleges that it was done in careful, prudent and business-like manner.

It was the evident purpose of the pleader to set up the doctrine of independent contractor. We very much question whether the allegations contained in it bring the cases within this principle, as limited by the decision of the supreme court in the case of *Railroad Co.* v. *Morey*, 47 O. S., 207, and *Hanron* v. *Whalen*, 49 O. S., 69. But in addition to the plea named, the defense contained, in substance, an averment that there was no negligence in the mode or manner in which the work was done. Did not this save the defense against a general demurrer? We incline to the opinion that it did. But there is the further difficulty that the record shows that when the demurrer was overruled, although the plaintiff excepted, he declined to proceed further against the company. This was a virtual dismissal of the case by the plaintiff himself, and the court was justified in its action in dismissing the defendant company, practically at the request of the plaintiff, and he cannot now complain of the action.

The case then proceeded to trial against the other defendants, and resulted in a verdict and judgment in their favor. At the trial exceptions were taken, as has been said, to the rulings of the court, as to the admission of evidence, as to

the special charges given by the court to the jury, and to the refusal of the court to charge the jury as requested by the defendant.

The court allowed certain witnesses shown to have knowledge of such matters over the objection of the counsel for the plaintiff, to testify that this "structure complained of was constructed in the usual and ordinary manner of such constructions." And the same question is raised by a charge given to the jury at the request of the counsel for the defendant in this form:

"I charge you that if the structure was erected in a method ordinarily used in such structures, keeping in mind the use of the streets by passengers, that it then was constructed in a proper manner, and the defendants were not negligent."

So far as this special charge is concerned, we are of the opinion that the trial judge was not authorized to give it in this form. It seems to us entirely too broad, and is a statement to the jury, as a matter of law, that if the method adopted was that ordinarily used (no matter how improper it may have been in the method of construction), that it was constructed in a proper manner, and that the defendants were not negligent. We think to make it proper it should have been stated that if it was constructed in the method ordinarily used by careful and prudent men, that this would show a proper degree of care on the part of the defendants. We think that this is the doctrine of the authorities. The language used by Judge RANNEY, in deciding the case of *Dayton* v. *Pease*, 4 O. S., 96, is this: "It (the duty devolving upon a person) cannot be accomplished safely to others without the exercise of a proper degree of care and skill, which simply means such care and skill as careful and prudent men, competent to the undertaking exercise in their own affairs, when the loss, if any happens, is to be borne by themselves." And, as said by Judge PECK, in deciding the case of *Railroad* v. *Terry*, 8 O. S., 581: "Ordinary care is well known to mean that degree of care which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances, in order to conduct the enterprise in which they are engaged to a safe and successful termination, having due regard to the rights of others and the objects to be accomplished." And see language to the same effect used by Judge McILVAINE in case of *Railroad* v. *Crawford*, 24 O. S., 639. It may be that when it is shown that the character of a structure is similar to that generally constructed for such purposes, that a presumption arises, and it may be a strong presumption that it is suitable and proper, and yet it may be, and it might so appear to the jury, from the evidence, that it is utterly unsafe and improper. And, in such case, we think it is not allowable for the court to say to the jury that, if it conforms to the mode ordinarily adopted, that it is sufficient. But, nevertheless, we think that the evidence allowed in this case on that point was proper as tending to prove the fact, and thereby to raise the presumption that this structure was properly constructed. We further are of the opinion that it was proper to prove that a permit was issued by the proper city authorities to make and maintain the structure on the street.

In the general charge of the court the jury were instructed as follows: "Therefore I say to you that the plaintiff in this case is bound under the law to support the allegations of his petition by a fair preponderance of the evidence. It is incumbent upon him to show to your satisfaction that the negligence about which he complains was the negligence of the defendants, Bice & McMiller, at the time the injury was committed, and that he did not contribute to his injury— was without fault on his part."

This charge is so manifestly against the settled law of this state, in placing the burden upon the plaintiff of showing that he did not contribute to the injury, that, if it had been excepted to, it alone would have required us to reverse the judgment. It is only where the plaintiff's own evidence raises a presumption of contributory negligence on his part that the law imposes upon him the burden of removing that presumption. 35 O. S., 627.

In this case all the evidence is before us, and we are satisfied that this charge

was prejudicial, and perhaps prevented the plaintiff from having a fair trial, and for the reasons stated the judgment in favor of Bice & McMiller will be reversed and a new trial awarded.

*Wade Cushing* and *W. A. Hicks*, for Plaintiff.

*Stephens, Lincoln & Smith*, for the Pickering Hardware Company.

*Porter & Rendigs*, for the Contractors.